**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5379-16T3

IN RE BID SOLICITATION
#16-X-23961, LAUNDRY CHEMICALS
STATEWIDE.

_____

Argued October 23, 2018 - Decided December 14, 2018

Before Judges Hoffman and Firko.

On appeal from the New Jersey Department of the Treasury, Division of Purchase and Property, RFP No. 16-X-23961.

Joshua S. Bratspies argued the cause for appellant Diamond Chemical Co., Inc. (Sherman Wells Sylvester & Stamelman LLP, attorneys; Joshua S. Bratspies, of counsel and on the briefs; Matthew F. Chakmakian, on the briefs).

Rebecca Pluckhorn, Deputy Attorney General, argued the cause for respondent Department of Treasury, Division of Purchase and Property (Gurbir S. Grewal, Attorney General, attorney; Beth Leigh Mitchell, Assistant Attorney General, of counsel; Diana Reynolds, Deputy Attorney General, on the brief).

PER CURIAM

In this procurement case, appellant Diamond Chemical Company, Inc., (Diamond Chemical) seeks reversal of a decision by respondent, the Division of Purchase and Property (Division), to cancel a request for proposal (RFP) for bids on contracts to supply the State with laundry chemicals. The cancellation occurred after the Division and its Procurement Bureau (Bureau) concluded that the list of approved product brands did not correspond to RFP specifications, and none of the products proposed by any of the five bidders could meet certain requirements. The cancellation letter further indicated the Division's intent to revise its RFP specifications and to issue a new solicitation.

Diamond Chemical contends the Division violated its own procedural regulations, and such action was per se arbitrary and capricious. Specifically, Diamond Chemical asserts the Division issued a "final agency decision" awarding it all of the subject contracts, and the Division could not reconsider this determination under N.J.A.C. 17:12-3.3. We disagree. For the reasons that follow, we affirm the Division's decision to cancel the RFP.

The essential facts are undisputed. In May 2015, the Division issued a fifty-one-page RFP 16-X-23961 for the statewide supply of laundry chemicals. The RFP specified the bid submissions were due on July 1, 2015. The Division

issued the RFP in order to replace the laundry chemicals contracts set to expire on July 31, 2015.

The RFP consisted of twelve price lines corresponding to twelve different laundry chemicals. The twelve price lines were organized into three groups: group one (dry chemical system); group two (liquid chemical system); and group three (solid encapsulated detergent).

Group one (dry chemical system) consisted of price line 00001, low alkalinity/low temperature powdered laundry detergent. Group two (liquid chemical system) covered price lines 00002 to 000011, entitled:

price line 00002: liquid laundry detergent

price line 00003: liquid heavy duty alkaline builder

price line 00004: detergent/bleach combination liquid laundry detergent

price line 00005: concentrated liquid chlorine bleach

price line 00006: liquid system combination fabric softener/sour

price line 00007: liquid antibacterial softener/sanitizer

price line 00008: liquid rust removing sour

price line 00009: regular liquid fabric softener

price line 00010: liquid solvent detergent

3 A-5379-16T3

price line 00011: liquid hydrogen peroxide bleach

Group three (solid encapsulated detergent) referred to price line 00012, also named solid encapsulated detergent. The RFP permitted vendors to bid on one or more of the three groups.

A key aspect of the RFP was to obtain laundry chemicals for the State that were both "[e]nvironmentally [p]referable" and "[b]iodegradable[,]" in order to comply with Executive Order #76 issued on January 12, 2006. The executive order requires the State to procure and utilize cleaning products that "minimize potential impacts to human health and the environment . . . ."

Diamond Chemical timely submitted its bid in response to the RFP for all twelve price lines on July 1, 2015. Also on July 1, the Division's Proposal Review Unit opened the five proposals timely received, and on September 23, 2015, the Division issued its first notice of intent (NOI-1) to award all three groups to Diamond Chemical. Thereafter, two competitor bidders, SupplyWorks, also known as Interline Brands, Inc. (SupplyWorks) and ACCSES NJ/CNA Services (ACCSES), submitted protests of the Division's notice of intent to award price lines three, four, and seven to Diamond Chemical.

The Division agreed with the protests by SupplyWorks and ACCSES after it investigated and determined that Diamond Chemical was ineligible to receive

the contract award for all ten of Group Two's price lines. Accordingly, the Division rescinded NOI-1, and on December 14, 2015, it issued a second NOI (NOI-2) indicating an intent to award a contract to ACCSES for Group Two. Diamond Chemical then submitted a protest of the Division's NOI-2, arguing its decision was erroneous. On August 25, 2016, the Director of the Division issued a "final agency decision with respect to the protest submitted by" Diamond Chemical, and agreed with Diamond Chemical's arguments. The Director ordered "the Bureau to rescind [NOI-2 and] to reinstate the original September 23, 2015 NOI [(NOI-1)], awarding all price line[] items to" Diamond Chemical. This led to the Bureau's September 1, 2016 issuance of NOI-3, which indicated "an intent to award the contract to Diamond [Chemical] for all Groups." As with NOI-1 and NOI-2, NOI-3 provided a due date for the competitor bidders to submit a protest "in accordance with the Division's administrative regulations, N.J.A.C. 17:12-3.3."

ACCSES and SupplyWorks then submitted a protest in response to NOI-3. On July 10, 2017, the Division wrote to all bidders announcing the cancellation of the entire RFP. The next day, the Division's Acting Director issued his "final agency decision with respect to this matter." The decision provided:

In connection with its review of this protest [by ACCSES] and a protest submitted by [SupplyWorks], the Hearing Unit requested that the Bureau undertake a thorough review of the RFP specifications, the approved brands listed on the price sheet, and the proposals submitted. Based upon this review, the Bureau concluded that the list of approved brands did not correspond to the RFP specifications. In addition, a review of the specifications revealed that certain requirements could not be met by any of the products proposed by any of the five bidders. Accordingly, on July 10, 2017, the Bureau issued a letter to all bidders advising it had cancelled the subject procurement and rescinded the intended contract award. The letter further advised that it was the Bureau's intent to revise the specifications and issue a new solicitation.

Because the Division rescinded NOI-3 and cancelled the procurement, the Acting Director found that the protesting bidders' "points are moot and need not be addressed at this time."

Diamond Chemical then filed the present appeal. In addition, Diamond Chemical requested the Division to stay its decision. The Division denied the request, and Diamond Chemical did not seek emergent review from this court.

All of Diamond Chemical's arguments on appeal turn on the procedural question of whether the Division was permitted under N.J.A.C. 17:12-3.3 to accept, review, and determine more protest submissions from competitor bidders after the Director issued the August 25, 2016 decision in response to Diamond Chemical's protest submission regarding NOI-2. Specifically, Diamond

Chemical argues that under N.J.A.C. 7:12-3.3(d)(2), "a decision on a protest 'shall be a final agency decision,'" meaning that "pursuant to N.J.A.C. 17:12-3.1(b), [the decision] is 'appealable [only to] the Appellate Division.'" Diamond Chemical therefore contends the Division lacked jurisdiction to reconsider or disturb its August 25, 2016 "final agency decision." We disagree.

When reviewing a final agency decision, we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." U.S. Bank, N.A. v. Hough, 210 N.J. 187, 200 (2012) (quoting Univ. Cottage v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)). "However, we defer to an agency's interpretation of . . . [a] regulation, within the sphere of [its] authority, unless the interpretation is 'plainly unreasonable.'" Ibid. (alterations in original) (quoting In re Election Law Enforcement Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)). This is because "a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise." Ibid. (quoting In re Election, 201 N.J. at 262).

"In the absence of some legislative restriction, administrative agencies have the inherent power to reopen or to modify and to rehear orders that have been entered." Burlington Cty. Evergreen Park Mental Hosp. v. Cooper, 56 N.J.

579, 600 (1970). An "agency is free to alter any prior decision if it concludes that to do so is in the public interest." St. Joseph's Hosp. & Med. Ctr. v. Finley, 153 N.J. Super. 214, 223 (App. Div. 1977).

In its July 11, 2017 final agency decision to cancel the procurement, the Division indicated that after further internal review, "the Bureau concluded that the list of approved brands did not correspond to the RFP specifications," and that "certain [RFP] requirements could not be met by any of the products proposed by any of the five bidders." Considering the fact that the Division realized it was unable to attain the products that it actually sought, it was clearly in the public interest for the Division to effectively reject all bids and cancel the procurement. See In re Jasper Seating Co., Inc., 406 N.J. Super. 213, 222 (App. Div. 2009) ("Any or all bids may be rejected when the State Treasurer or the Director of the Division of Purchase and Property determines that it is in the public interest to do so." (quoting N.J.S.A. 52:34-12(a))). The final issue before us, therefore, is whether the Division was procedurally permitted to conduct further internal review and modify the August 25, 2016 written decision.

Diamond Chemical primarily contends that because the August 25, 2016 decision stated it was a "final agency decision" by the Division in accordance with the regulations, all further review and adjudications should have been

conducted by this court. We find Diamond Chemical's argument unpersuasive, as it is inconsistent with the language of applicable regulations and case law.

N.J.A.C. 17:12-3.3(a)(2) provides:

> (a)    A bidder . . . may submit a written protest to the Director concerning the following:
>
> . . . .
>
> 2.    Notice of award of contract(s) or of intent to award contract(s) pertaining to the subject procurement.

N.J.A.C. 17:12-3.3(d)(2) provides the procedural regulations as to how the Division responds to protests that the Director accepts to review – it states, in pertinent part:

> The Director . . . may perform a review of the written record or conduct an in-person presentation directly . . . . [T]he Director shall make a final written decision on the matter. In the case of a review or in-person presentation being handled by a designee from within the Division, the determination shall be issued by the Director, or the Director's designee, and such determination shall be a final agency decision pursuant to N.J.A.C. 17:12-3.1(b).

Lastly, N.J.A.C. 17:12-3.1(b) states, "Final agency determinations by the Director on matters of protest are appealable to the Appellate Division."

On August 25, 2016, the Director responded to Diamond Chemical's protest to NOI-2, stating that its written decision was his "final agency decision

9

with respect to the protest submitted by Diamond [Chemical]." This narrow language demonstrated the Division's willingness to continue reviewing the procurement internally, and further corresponded with N.J.A.C. 17:12-3.3(d)(2), which states that in response to a timely protest, "the Director shall make a final decision on the matter." Moreover, after the August 25 decision, the Division issued NOI-3, which explicitly permitted competitor bidders to again proffer written protests under N.J.A.C. 17:12-3.3(a)(2). Diamond Chemical does not argue, nor do the regulations prohibit, the Division from issuing an NOI after a final agency decision. The Division thus did not act on the basis of a "plainly unreasonable" interpretation of the regulations.

We implicitly recognized the ability of an agency to continue internal review of a "final agency determination" in In re Jasper Seating Co., Inc., 406 N.J. Super. 213 (App. Div. 2009), another case involving the Division. There, the Division issued an NOI and Jasper Seating Company (Jasper), an unsuccessful bidder, protested. Id. at 219. Subsequently, "the Division issued a [f]inal [a]gency [d]etermination formalizing its rejection of [Jasper]'s bids . . . ." Ibid.

Instead of filing an appeal to this court, however, "[a]n email exchange took place between [Jasper]'s [c]ontract [a]dministrator and the Acting Director

. . . whereby the Acting Director reiterated the reasons for the" final agency determination. Id. at 220. Shortly thereafter, Jasper "filed a further protest in another effort to reverse" the final agency determination. Ibid. Three months later, the "Acting Director responded in writing . . . and concluded that Jasper had not presented any facts, information or arguments sufficient to cause the Acting Director to set aside her [f]inal [a]gency [d]etermination. Nevertheless, the Acting Director elaborated on her prior determination" by addressing and rejecting arguments raised in the latter protest which sought to have the Division waive "minor elements of non-compliance with bid specifications," based on a provision of the RFP. Ibid. Yet another month later, Jasper, "through a different law firm, filed another request for reconsideration and a reversal of the Agency's decision . . . . [T]he Acting Director again responded in writing, reiterating that she found no basis to alter or vacate the [f]inal [a]gency [d]etermination . . . ." Id. at 221. Finally, in the same writing, the Acting Director "reminded Jasper that the recourse available to a bidder disagreeing with a [f]inal [a]gency [d]etermination is with the Appellate Division." Ibid.

Since this court did not take issue with the procedural history of the case, we implicitly recognized that while final agency determinations are "appealable," the Division may continue to respond to bidders' challenges and

otherwise conduct internal review if it so chooses. We therefore reject Diamond Chemical's argument that the Division lacked jurisdiction to reconsider or disturb its August 25, 2016 final agency decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5379-16T3